FILED
DALLAS COUNTY
10/9/2015 11:54:48 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03656-N   Document 2-3   Filed 11/12/15   Page 1 of 25   PageID 12

Freeney Anita

2 CT-E-SERVE

CAUSE NO. _____
DC-15-12422

| | | |
|---|---|---|
| **KIMBERLY WHITTLE,** | § | **IN THE DISTRICT COURT OF** |
| **INDIVIDUALLY AND AS NEXT FRIEND** | § | |
| **OF KP, A MINOR, AND MICAHEL** | § | |
| **PHILLIPS,** | § | |
| **Plaintiffs,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **DANIEL CLINE AND FRONTIER** | § | |
| **LEASING, INC.,** | § | M-298TH |
| **Defendants.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCOVERY AND JURY DEMAND

COMES NOW KIMBERLY WHITTLE, INDIVIDUALLY AND AS NEXT FRIEND OF KP, A MINOR, AND MICHAEL PHILLIPS (hereinafter also referred to as "Plaintiffs"), and files Plaintiffs' Original Petition, Request for Discovery and Jury Demand complaining of DANIEL CLINE (hereinafter also referred to as "Defendant CLINE") and FRONTIER LEASING (hereinafter also referred to as "Defendant FRONTIER"), and in support thereof would respectfully show the Court the following:

### I.
### DISCOVERY LEVEL

1.     This lawsuit shall be conducted under Discovery Control Plan-By Order (Level 3) pursuant to Texas Rules of Civil Procedure Rule 190.4.

### II.
### PARTIES AND SERVICE

2.     Plaintiffs are individuals who resides in Dallas County, Texas, and can be noticed by and through his attorney in charge, Garnett E. "Brit" Hendrix, Jr., Loncar & Associates, 424 S. Cesar Chavez Boulevard, Dallas, Texas 75201.

EXHIBIT C

3.      Defendant DANIEL CLINE is an individual who resides and may be served with process at 2090 SW 467 Private Road, El Dorado Springs, Missouri 64744.  Plaintiff requests service by private process.

4.      Defendant FRONTIER LEASING is a company which may be served with process by serving its registered agent, Gilbert C. Crimson at 5950 Gateway Drive, Joplin, Missouri 64804. Plaintiffs request service by private process.

5.      Pursuant to Section 30.014 of the Texas Civil Practice & Remedies Code, Plaintiff KIMBERLY WHITTLE provides the last three numbers of her driver's license (471) and social security number (555), Plaintiff MICHAEL PHILLIPS provides the last three numbers of his driver's license (060) and social security number (152),and demands that Defendant DANIEL CLINE provide the same.

### III.
### JURISDICTION AND VENUE

6.      The subject matter in controversy in this lawsuit is within the jurisdictional limits of this Court.

7.      This Court has jurisdiction over the parties to this lawsuit because the parties to this lawsuit are Texas residents and/or regularly conduct business in Texas; the events upon which this lawsuit is based occurred in Texas; and the damages sought in this lawsuit are within the jurisdictional limits of this Court, consist of monetary relief of over $100,000.00 but not more than $200,000.00, and consist of a maximum amount of monetary relief claimed of $200,000.00.

EXHIBIT C

8.      Venue in Dallas County is proper under the Texas Civil Practice and Remedies Code, since all or a substantial part of the events giving rise to this cause of action occurred in Dallas County, Texas.

**IV.**
**FACTUAL BACKGROUND**

9.      On or about September 5, 2014, Plaintiffs were traveling westbound in the right lane on Linfield Road.

10.     At the same time, Defendant CLINE, who was operating a 2001 Kenworth tractor and trailer owned by Defendant FRONTIER while in the course and scope of his employment by Defendant FRONTIER traveling westbound in the middle lane and attempted turned right onto Julius Scheps Freeway and struck Plaintiffs' vehicle.

11.     As a direct and proximate result of the wrongful and negligent conduct of Defendants, Plaintiffs suffered injuries, damages and medical expenses within the jurisdictional limits of this Court.

**V.**
**NEGLIGENCE**

12.     The collision in question of on or about September 5, 2014 made the basis of this lawsuit as set forth herein, also referred to herein as the occurrence in question and the incident in question, and Plaintiffs' resulting injuries and damages were proximately caused by the negligent and wrongful conduct of Defendant CLINE in one or more of the following respects:

    a.   In failing to keep a proper lookout as a person of ordinary prudence would have done in the same or similar circumstances;

EXHIBIT C

b. In failing to apply the brakes on the vehicle he was operating in a timely manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

c. In failing to swerve in a manner to avoid the collision in question as a person of ordinary prudence would have done in the same or similar circumstances;

d. In driving at a speed greater than that which is reasonable; and

e. In failing to adhere to state statutes and/or local traffic ordinances.

## VI.
## NEGLIGENT ENTRUSTMENT

13. Plaintiffs allege that, at the time of the occurrence in question made the basis of this lawsuit which occurred on or about September 5, 2014, Defendant CLINE was operating the 2001 Kenworth tractor and trailer with the full permission, authority and consent of Defendant FRONTIER, and Defendant CLINE was therefore a permissive user of that vehicle at the time of the occurrence in question. Plaintiffs allege that Defendant FRONTIER was negligent in entrusting the vehicle to Defendant CLINE when it knew, or in the exercise of reasonable care should have known, that Defendant CLINE was a careless and reckless driver who should not be entrusted with the use of a motor vehicle on the roadways of the State of Texas, and Plaintiffs allege that such negligent entrustment was a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## RESPONDEAT SUPERIOR

14. Plaintiffs allege that, at the time of the occurrence in question made the basis of this lawsuit which occurred on or about September 5, 2014, Defendant CLINE was acting as

EXHIBIT C

the agent, employee and/or servant of Defendant FRONTIER, such that, under the doctrines of respondeat superior and/or agency, Defendant FRONTIER is liable to Plaintiffs for their injuries and resulting damages caused by the negligence of Defendant CLINE.

## VIII.
## EMPLOYER NEGLIGENCE

15.     Further, Defendant FRONTIER was negligent in hiring, supervising and training Defendant CLINE, and due to Defendant FRONTIER's negligence Plaintiffs have sustained the damages as described in paragraph IX.

## IX.
## DAMAGES

16.     As a direct and proximate result of the negligent and/or wrongful conduct of Defendants, Plaintiffs suffered injuries to their neck, back and body generally, causing them to sustain the following damages:

   a.   Past and future medical expenses;

   b.   Past and future loss of earning capacity;

   c.   Past and future physical pain and mental anguish;

   d.   Past and future physical impairment;

   e.   Past and future disfigurement;

   f.   Property damage and out-of pocket expenses;

   g.   Pre-judgment interest and post-judgment interest; and

   h.   Case costs and expenses of suit.

17.     Plaintiffs are entitled to recover damages in this lawsuit in an amount within the Court's jurisdictional limits.  Plaintiffs seek damages in this lawsuit consisting of monetary relief

EXHIBIT C

over $100,000.00 but not more than $200,000.00, and the maximum amount of monetary relief claimed by Plaintiffs in this lawsuit is $200,000.00.

## X.
## NOTICE OF INTENT

18.    Plaintiffs hereby give notice to Defendants under Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiffs will use any document produced by Defendants during pretrial discovery against Defendants at any pretrial proceeding and at trial, and any such document is therefore self-authenticated pursuant to that rule.

## XI.
## REQUEST FOR DISCLOSURE

19.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose, within fifty (50) days after the date of service of citation with a copy of this petition attached upon Defendants, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. The responses may be served upon Plaintiff through Plaintiffs' attorney in charge, Garnett E. "Brit" Hendrix, Jr., Loncar & Associates, 424 S. Cesar Chavez Boulevard, Dallas, Texas 75201.

## XII.
## INTERROGATORIES TO
## DEFENDANT DANIEL CLINE

20.    Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Defendant DANIEL CLINE is hereby requested to answer separately and fully in writing and under oath, within fifty (50) days after service, the following interrogatories propounded by Plaintiffs.  Each answer should be preceded by the question to which the answer pertains, and copies of the answers, duly signed and verified by the person making them, must be served on the undersigned attorney.

EXHIBIT C

"The incident in question" referred to in these interrogatories is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiffs to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the name, address, telephone number, and job title of the person or persons answering these interrogatories on behalf of Defendant DANIEL CLINE.

**ANSWER:**


**INTERROGATORY NO. 2:**
State the name, address and telephone number of each person who was an eyewitness to the incident in question.

**ANSWER:**


**INTERROGATORY NO. 3:**
State the names, addresses and telephone numbers of all persons having knowledge of relevant facts regarding the subject matter of this lawsuit.

**ANSWER:**


**INTERROGATORY NO.4:**
Describe each and every statement, written or oral, given by Plaintiffs to Defendant DANIEL CLINE or his agents, employees or adjusters in connection with Plaintiffs' claims arising out of the incident in question, including the date of each statement, whether written or oral, to whom it was given, and the contents in full of such statement.

**ANSWER:**


**INTERROGATORY NO. 5:**
As to each telephone which was in the vehicle you were operating at the time of the incident in question at the time of the incident in question, please state the telephone number on the date of the incident in question; the name, address and telephone number of the provider on the date of the incident in question of the telephone services; the account number for the telephone services account on the date of the incident in question; the name, address and telephone number of the person or entity in whose name the telephone was listed on the date of the incident in question;

EXHIBIT C

the name, address and telephone number of the person or entity in whose name the telephone services account was listed on the date of the incident in question; whether you were operating it at the time of the incident in question, and if so, whether you were having a telephone conversation, making or receiving a telephone call, sending or receiving an email or text message, or viewing anything on the telephone; the name, address and telephone number of any person or entity with whom you were having a telephone conversation, to or from whom you were making or receiving a telephone call, or to or from whom you were sending or receiving an email or text message at the time of the incident in question; and a description of anything which you were viewing on the telephone at the time of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 6:**
As to each insurance policy or indemnity agreement under which a person or company would be liable to satisfy part or all of a judgment which may be entered against you in this lawsuit or which might indemnify or reimburse you for payments made to satisfy any such judgment, please state the name of the insurance company or indemnitor and the limits of such insurance policy or indemnity agreement.

**ANSWER:**

**INTERROGATORY NO. 7:**
Other than the insurance policies or indemnity agreements described in your answer to the previous interrogatory, do you have any excess insurance, reinsurance, umbrella coverage, or comprehensive insurance policies or indemnity agreements? If so, please describe the nature and contents of this coverage and the name of the insurance company or indemnitor providing that coverage.

**ANSWER:**

**INTERROGATORY NO. 8:**
Are you being defended by your insurance company in this case under any kind of "reservation of rights" agreement, memoranda or understanding? If so, please state the name, address and telephone number of the person in possession of same, and please describe the terms of such agreement, memoranda or understanding.

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe in detail the manner in which you assert that the incident in question occurred, specifying the speed, position, direction and location of each vehicle involved during its approach to, at the time of, and immediately after the motor vehicle collision in question which

EXHIBIT C

constitutes the occurrence in question made the basis of this lawsuit and which constitutes the incident in question.

**ANSWER:**

**INTERROGATORY NO. 10:**
List all violations of the motor vehicle or traffic laws or ordinances arising out of the incident in question to which you have pleaded guilty or nolo contendere, stating the court in which each violation was heard, the nature of each violation charged, the plea entered by you as to each violation charged, and the case or cause number assigned to each violation.

**ANSWER:**

**INTERROGATORY NO. 11:**
Please state the name, address and telephone number of the owner at the time of the incident in question of the vehicle you were operating at the time of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 12:**
If you were acting within the course and scope of any agency, employment or service at the time of the incident in question, please state:

        (a)      the name, address and telephone number of the principal, employer or master; and

        (b)      the factual basis of the agency, employment or service.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please state where you were coming from and where you were going to at the time of the incident in question, giving in your answer the place where you last entered the vehicle you were operating at the time of the incident in question prior to the incident in question and the place where you intended to disembark from that vehicle after passing the location of the incident in question.

**ANSWER:**

EXHIBIT C

**INTERROGATORY NO. 14:**
Please state whether you were the operator of one of the vehicles involved in the incident in question.

**ANSWER:**
**INTERROGATORY NO. 15:**
Please state whether in the twenty-four-hour period immediately preceding the incident in question you:

   a.  drank any alcoholic beverages, and if so, please state the name of said alcoholic beverage and the quantity of same you consumed; and

   b.  ingested, inhaled or otherwise partook of any type of drug or medication, and if so, the name, type and quantity you took.

**ANSWER:**

**INTERROGATORY NO. 16:**
If you have ever been convicted of any crime which was a felony or involved moral turpitude, state the date of the conviction, the place of the conviction, and the offense of which you were convicted.

**ANSWER:**

**INTERROGATORY NO. 17:**
Is your name spelled correctly in Plaintiffs' Original Petition, Request for Discovery and Jury Demand and this pleading? If it is not, then please state the correct spelling of your name.

**ANSWER:**

**INTERROGATORY NO. 18:**
List all violations of motor vehicle or traffic laws or ordinances which occurred prior to the date of the incident in question of which you have been charged, to which you have pleaded guilty or nolo contendere, or of which you have been convicted, stating the court in which each violation was heard, the nature of each violation charged, the plea entered by you as to each violation charged, the case or cause number assigned to each violation, and the disposition of each violation.

**ANSWER:**

EXHIBIT C

**INTERROGATORY NO. 19:**
Please state whether you had a valid driver's license in effect on the date of the incident in question, and if so, please state the state which issued it, the beginning and ending dates for which it was issued, and any restrictions contained in it.

**ANSWER:**

**INTERROGATORY NO. 20:**
Please state the name, address and telephone number of each person who is expected to be called by you to testify at trial.

**ANSWER:**

**XIII.**
**REQUEST FOR PRODUCTION TO**
**DEFENDANT DANIEL CLINE**

21.     Plaintiffs serve this request for production on Defendant DANIEL CLINE pursuant to

Rule 196 of the Texas Rules of Civil Procedure.  Defendant DANIEL CLINE must

produce all requested documents, as they are kept in the ordinary course of business or

segregated according to each request, for inspection and copying, not more than fifty (50)

days after service, at the office of Plaintiff's attorney in charge, Garnett E. "Brit"

Hendrix, Jr., Loncar & Associates, 424 S. Cesar Chavez Blvd., Dallas, Texas 75201.

"The incident in question" referred to in these production requests is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiff to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

**LIST OF DOCUMENTS AND THINGS REQUESTED**

         1.     Any and all insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered against you in this action or to indemnify you or reimburse you for payments made by you to

EXHIBIT C

satisfy any such judgment.

2.      Any and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for an expert whom you may call as an expert witness at trial in anticipation of the expert's trial or deposition testimony.

3.      Any and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for an expert used by you for consultation whose mental impressions or opinions have been reviewed by an expert whom you may call as an expert witness at trial.

4.      Any and all facts known by an expert whom you may call as an expert witness at trial that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this lawsuit, regardless of when and how the factual information was acquired. If these matters have not been recorded and reduced to tangible form, you are requested to do so and to include that tangible form as part of your response to this request.

5.      Any and all facts known by an expert used by you for consultation whose mental impressions or opinions have been reviewed by an expert whom you may call as an expert witness at trial that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this lawsuit, regardless of when and how the factual information was acquired. If these matters have not been recorded and reduced to tangible form, you are requested to do so and to include such tangible form as part of your response to this request.

6.      Any and all photographs, videotapes, motion pictures, drawings, diagrams, plats, charts or sketches made of the scene of the incident in question, any of the vehicles involved in the incident in question, or Plaintiffs.

7.      Any settlement between you and any other person or entity, whether or not a party to this lawsuit, regarding or pertaining to the incident in question or any damages resulting therefrom.

8.      Any and all statements of any person with knowledge of relevant facts concerning the subject matter of this lawsuit - a "witness statement" - regardless of when the Any and all settlement agreements pursuant to which you have arrived at a statement was made. For the purpose of this request, a witness statement is (a) a written statement signed or otherwise adopted or approved in writing by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording of a person's oral statement, or any substantially verbatim transcription of such a recording.

9.      Any and all medical records or medical bills regarding any injury or illness of Plaintiffs.

10.     Any and all photographs, films or videotapes relating to the subject matter of this

EXHIBIT C

lawsuit.

11.    Any and all documents or other tangible things which relate to the subject matter of this lawsuit.

12.    A true and correct copy of your Social Security card.

13.    A true and correct copy of your driver's license in effect on the date of the incident in question.

14.    A true and correct copy of the title on the date of the incident in question to the vehicle you were operating at the time of the incident in question.

15.    Any and all bills, invoices, or receipts reflecting any repairs made to any of the vehicles involved in the incident in question for damages sustained to any of those vehicles in the incident in question.

16.    Any and all written estimates for any proposed repairs to any of the vehicles involved in the incident in question for damage sustained to any of those vehicles in the incident in question.

17.    Any and all written estimates regarding damage sustained to any of the vehicles involved in the incident in question for damage sustained to any of those vehicles in the incident in question.

18.    Any and all telephone billing records for the time period which includes the date of the incident in question for any and all telephones which were in the vehicle you were operating at the time of the incident in question at the time of the incident in question.

## XIV.
## REQUEST FOR ADMISSIONS TO
## <u>DEFENDANT DANIEL CLINE</u>

22.    Plaintiffs serve this request for admissions on Defendant DANIEL CLINE pursuant to Rule 196 of the Texas Rules of Civil Procedure.  Defendant DANIEL CLINE must admit or deny each admission, not more than fifty (50) days after service, at the office of Plaintiffs' attorney in charge, Garnett E. "Brit" Hendrix, Jr., Loncar & Associates, 424 S. Cesar Chavez Blvd., Dallas, Texas 75201.

EXHIBIT C

"The incident in question" referred to in these admissions is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiff to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

## ADMISSIONS

REQUEST NO. 1:
Admit or Deny that Defendant DANIEL CLINE was involved in a collision on September 5, 2014.

REQUEST NO. 2:
Admit or Deny that Plaintiffs' medical care and bills are related to the injuries suffered in the incident in question.

REQUEST NO. 3:
Admit or Deny that Plaintiffs' medical care and bills were reasonable and necessary.

REQUEST NO. 4:
Admit or Deny that Plaintiffs suffered injuries proximately caused by your negligence.

REQUEST NO. 5:
Admit or Deny that Defendant DANIEL CLINE is liable to Plaintiffs for the injuries suffered on September 5, 2014.

REQUEST NO. 6:
Admit or Deny that Plaintiffs lost wages in the past as a proximate result of injuries suffered in the incident in question.

REQUEST NO. 7:
Admit or Deny that Plaintiffs were injured as a proximate result of the incident in question.

REQUEST NO. 8:
Admit or Deny that as a proximate result of the negligent acts and/or omissions of Defendant DANIEL CLINE, Plaintiffs has suffered painful personal injuries.

REQUEST NO. 9:
Admit or Deny that Plaintiffs have endured physical and mental pain and suffering in the past as a proximate result of the incident in question.

REQUEST NO. 10:
Admit or Deny that Defendant DANIEL CLINE was engaged in conversation on a telephone at the time of the incident in question.

EXHIBIT C

REQUEST NO. 11:
Admit or Deny that Defendant DANIEL CLINE was dialing a telephone at the time of the incident in question.

REQUEST NO. 12 :
Admit or Deny that Defendant DANIEL CLINE knows Defendant FRONTIER LEASING, INC. has been sued.

REQUEST NO. 13 :
Admit or Deny that Defendant DANIEL CLINE does not care that Defendant FRONTIER LEASING, INC. has been sued.

## XV.
## INTERROGATORIES TO
## DEFENDANT FRONTIER LEASING, INC.

23.     Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Defendant FRONTIER

LEASING, INC. is hereby requested to answer separately and fully in writing and under

oath, within fifty (50) days after service, the following interrogatories propounded by

Plaintiffs.  Each answer should be preceded by the question to which the answer pertains,

and copies of the answers, duly signed and verified by the person making them, must be

served on the undersigned attorney.

"The incident in question" referred to in these interrogatories is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiffs to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

## INTERROGATORIES

### INTERROGATORY NO. 1:
Please state the name, address, telephone number, and job title of the person or persons answering these interrogatories on behalf of Defendant FRONTIER LEASING, INC.

### ANSWER:

EXHIBIT C

**INTERROGATORY NO. 2:**
State the name, address and telephone number of each person who was an eyewitness to the incident in question.

**ANSWER:**


**INTERROGATORY NO. 3:**
State the names, addresses and telephone numbers of all persons having knowledge of relevant facts regarding the subject matter of this lawsuit, including, but not limited to, Defendant FRONTIER LEASING, INC.

**ANSWER:**


**INTERROGATORY NO.4:**
Describe each and every statement, written or oral, given by Plaintiffs to Defendant FRONTIER LEASING, INC. or its agents, employees or adjusters in connection with Plaintiff's claims arising out of the incident in question, including the date of each statement, whether written or oral, to whom it was given, and the contents in full of such statement.

**ANSWER:**


**INTERROGATORY NO. 5:**
As to each telephone which was in the vehicle Defendant DANIEL CLINE was operating at the time of the incident in question at the time of the incident in question, please state the telephone number on the date of the incident in question; the name, address and telephone number of the provider on the date of the incident in question of the telephone services; the account number for the telephone services account on the date of the incident in question; the name, address and telephone number of the person or entity in whose name the telephone was listed on the date of the incident in question; the name, address and telephone number of the person or entity in whose name the telephone services account was listed on the date of the incident in question; whether Defendant DANIEL CLINE was operating it at the time of the incident in question, and if so, whether he was having a telephone conversation, making or receiving a telephone call, sending or receiving an email or text message, or viewing anything on the telephone; the name, address and telephone number of any person or entity with whom he was having a telephone conversation, to or from whom he was making or receiving a telephone call, or to or from whom he was sending or receiving an email or text message at the time of the incident in question; and a description of anything which he was viewing on the telephone at the time of the incident in question.

**ANSWER:**

---

*Plaintiffs' Original Petition, Request for Discovery and Jury Demand*                    *Page 16*

EXHIBIT C

**INTERROGATORY NO. 6:**
As to each insurance policy or indemnity agreement under which a person or company would be liable to satisfy part or all of a judgment which may be entered against you in this lawsuit or which might indemnify or reimburse you for payments made to satisfy any such judgment, please state the name of the insurance company or indemnitor and the limits of such insurance policy or indemnity agreement.

**ANSWER:**


**INTERROGATORY NO. 7:**
Other than the insurance policies or indemnity agreements described in your answer to the previous interrogatory, do you have any excess insurance, reinsurance, umbrella coverage, or comprehensive insurance policies or indemnity agreements? If so, please describe the nature and contents of this coverage and the name of the insurance company or indemnitor providing that coverage.

**ANSWER:**


**INTERROGATORY NO. 8:**
Are you being defended by your insurance company in this case under any kind of "reservation of rights" agreement, memoranda or understanding? If so, please state the name, address and telephone number of the person in possession of same, and please describe the terms of such agreement, memoranda or understanding.

**ANSWER:**


**INTERROGATORY NO. 9:**
Describe in detail the manner in which you assert that the incident in question occurred, specifying the speed, position, direction and location of each vehicle involved during its approach to, at the time of, and immediately after the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit and which constitutes the incident in question.

**ANSWER:**


**INTERROGATORY NO. 10:**
List all violations of the motor vehicle or traffic laws or ordinances arising out of the incident in question to which Defendant DANIEL CLINE pleaded guilty or nolo contendere, stating the court in which each violation was heard, the nature of each violation charged, the plea entered by him as to each violation charged, and the case or cause number assigned to each violation.

EXHIBIT C

**ANSWER:**


**INTERROGATORY NO. 11:**
Please state the name, address and telephone number of the owner at the time of the incident in question of the vehicle Defendant DANIEL CLINE was operating at the time of the incident in question.

**ANSWER:**


**INTERROGATORY NO. 12:**
If Defendant DANIEL CLINE was acting within the course and scope of any agency, employment or service at the time of the incident in question, please state:

        (a)      the name, address and telephone number of the principal, employer or master; and

        (b)      the factual basis of the agency, employment or service.

**ANSWER:**


**INTERROGATORY NO. 13:**
Please state where Defendant DANIEL CLINE was coming from and where he was going to at the time of the incident in question, giving in your answer the place where he last entered the vehicle he was operating at the time of the incident in question prior to the incident in question and the place where he intended to disembark from that vehicle after passing the location of the incident in question.

**ANSWER:**


**INTERROGATORY NO. 14:**
Please state whether Defendant DANIEL CLINE was the operator of one of the vehicles involved in the incident in question.

**ANSWER:**


**INTERROGATORY NO. 15:**
Please state whether in the twenty-four-hour period immediately preceding the incident in question Defendant DANIEL CLINE:

        (a) drank any alcoholic beverages, and if so, please state the name of said alcoholic beverage and the quantity of same he consumed; and

EXHIBIT C

    (b) ingested, inhaled or otherwise partook of any type of drug or medication, and if so, the name, type and quantity he took.

**ANSWER:**


**INTERROGATORY NO. 16:**
If Defendant DANIEL CLINE has ever been convicted of any crime which was a felony or involved moral turpitude, state the date of the conviction, the place of the conviction, and the offense of which he was convicted.

**ANSWER:**


**INTERROGATORY NO. 17:**
Is your name spelled correctly in Plaintiffs' Original Petition, Request for Discovery and Jury Demand and this pleading? If it is not, then please state the correct spelling of your name.

**ANSWER:**


**INTERROGATORY NO. 18:**
List all violations of motor vehicle or traffic laws or ordinances which occurred prior to the date of the incident in question of which Defendant DANIEL CLINE has been charged, to which he pleaded guilty or nolo contendere, or of which he has been convicted, stating the court in which each violation was heard, the nature of each violation charged, the plea entered by him as to each violation charged, the case or cause number assigned to each violation, the disposition of each violation, and whether you were aware of such violation prior to the date of the incident in question.

**ANSWER:**


**INTERROGATORY NO. 19:**
Please state whether Defendant DANIEL CLINE had a valid driver's license in effect on the date of the incident in question, and if so, please state the state which issued it, the beginning and ending dates for which it was issued, and any restrictions contained in it, and if he did not have a valid driver's license in effect on the date of the incident, please state whether you were aware of that fact prior to the date of the incident in question.

**ANSWER:**

EXHIBIT C

**INTERROGATORY NO. 20:**
Please state the name, address and telephone number of each person who is expected to be called by you to testify at trial.

**ANSWER:**

## XVI.
## REQUEST FOR PRODUCTION TO
## DEFENDANT FRONTIER LEASING, INC.

24.     Plaintiffs serve this request for production on Defendant FRONTIER LEASING, INC.

pursuant to Rule 196 of the Texas Rules of Civil Procedure.  Defendant FRONTIER

LEASING, INC. must produce all requested documents, as they are kept in the ordinary

course of business or segregated according to each request, for inspection and copying,

not more than fifty (50) days after service, at the office of Plaintiffs' attorney in charge,

Garnett E. "Brit" Hendrix, Jr., Loncar & Associates, 424 S. Cesar Chavez Blvd., Dallas,

Texas 75201.

"The incident in question" referred to in these production requests is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiff to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

## LIST OF DOCUMENTS AND THINGS REQUESTED

1.      Any and all insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered against you in this action or to indemnify you or reimburse you for payments made by you to satisfy any such judgment.

2.      Any and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for an expert whom you may call as an expert witness at trial in anticipation of the expert's trial or deposition testimony.

3.      Any and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for an expert used by you for consultation whose mental impressions or opinions have been reviewed by an expert whom you may call as an expert witness at trial.

EXHIBIT C

4.      Any and all facts known by an expert whom you may call as an expert witness at trial that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this lawsuit, regardless of when and how the factual information was acquired. If these matters have not been recorded and reduced to tangible form, you are requested to do so and to include that tangible form as part of your response to this request.

5.      Any and all facts known by an expert used by you for consultation whose mental impressions or opinions have been reviewed by an expert whom you may call as an expert witness at trial that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this lawsuit, regardless of when and how the factual information was acquired. If these matters have not been recorded and reduced to tangible form, you are requested to do so and to include such tangible form as part of your response to this request.

6.      Any and all photographs, videotapes, motion pictures, drawings, diagrams, plats, charts or sketches made of the scene of the incident in question, any of the vehicles involved in the incident in question, or Plaintiffs.

7.      Any and all settlement agreements pursuant to which you have arrived at a settlement between you and any other person or entity, whether or not a party to this lawsuit, regarding or pertaining to the incident in question or any damages resulting therefrom.

8.      Any and all statements of any person with knowledge of relevant facts concerning the subject matter of this lawsuit - a "witness statement" - regardless of when the statement was made. For the purpose of this request, a witness statement is (a) a written statement signed or otherwise adopted or approved in writing by the person making it, or (b) a stenographic, mechanical, electrical, or other type of recording of a person's oral statement, or any substantially verbatim transcription of such a recording.

9.      Any and all medical records or medical bills regarding any injury or illness of Plaintiffs.

10.     Any and all photographs, films or videotapes relating to the subject matter of this lawsuit.

11.     Any and all documents or other tangible things which relate to the subject matter of this lawsuit.

12.     A true and correct copy of Defendant DANIEL CLINE's Social Security card.

13.     A true and correct copy of Defendant DANIEL CLINE's driver's license in effect on the date of the incident in question.

14.     A true and correct copy of the title on the date of the incident in question to the vehicle Defendant DANIEL CLINE was operating at the time of the incident in question.

EXHIBIT C

15.     Any and all bills, invoices, or receipts reflecting any repairs made to any of the vehicles involved in the incident in question for damages sustained to any of those vehicles in the incident in question.

16.     Any and all written estimates for any proposed repairs to any of the vehicles involved in the incident in question for damage sustained to any of those vehicles in the incident in question.

17.     Any and all written estimates regarding damage sustained to any of the vehicles involved in the incident in question for damage sustained to any of those vehicles in the incident in question.

18.     Any and all telephone billing records for the time period which includes the date of the incident in question for any and all telephones which were in the vehicle Defendant DANIEL CLINE was operating at the time of the incident in question at the time of the incident in question.

**XVII.**
**REQUEST FOR ADMISSIONS TO**
**DEFENDANT FRONTIER LEASING, INC.**

25.     Plaintiffs serve this request for admissions on Defendant FRONTIER LEASING, INC.

pursuant to Rule 196 of the Texas Rules of Civil Procedure.  Defendant FRONTIER

LEASING, INC. must admit or deny each admission, not more than fifty (50) days after

service, at the office of Plaintiffs' attorney in charge, Garnett E. "Brit" Hendrix, Jr.,

Loncar & Associates, 424 S. Cesar Chavez Blvd., Dallas, Texas 75201.

"The incident in question" referred to in these admissions is the motor vehicle collision in question which constitutes the occurrence in question made the basis of this lawsuit alleged by Plaintiff to have occurred on or about September 5, 2014 as set forth in Plaintiffs' Original Petition, Request for Discovery and Jury Demand.

**ADMISSIONS**

REQUEST NO. 1:
Admit or Deny that Defendant DANIEL CLINE was involved in a collision on September 5, 2014.

REQUEST NO. 2:
Admit or Deny that Defendant DANIEL CLINE was driving a vehicle owned by Defendant FRONTIER LEASING, INC. at the time of the incident in question.

EXHIBIT C

REQUEST NO. 3:
Admit or Deny that Defendant DANIEL CLINE was acting within the course and scope of his employment by Defendant FRONTIER LEASING, INC. at the time of the incident in question.

REQUEST NO. 4:
Admit or Deny that Plaintiffs' medical care and bills are related to the injuries suffered by her in the incident in question.

REQUEST NO. 5:
Admit or Deny that Plaintiffs' medical care and bills were reasonable and necessary.

REQUEST NO. 6:
Admit or Deny Plaintiffs' suffered injuries were proximately caused by your employee's negligence.

REQUEST NO. 7:
Admit or Deny that Defendant FRONTIER LEASING, INC. is liable to Plaintiffs for their injuries suffered in the incident in question.

REQUEST NO. 8:
Admit or Deny that Plaintiffs lost wages in the past as a proximate result of your employee's negligence.

REQUEST NO. 9:
Admit or Deny that Plaintiffs were injured as a proximate result of the incident in question.

REQUEST NO. 10:
Admit or Deny that Defendant FRONTIER LEASING, INC. is vicariously liable for all acts and/or omissions of negligence on the part of its driver at the time of the incident in question.

REQUEST NO. 11:
Admit or Deny that Plaintiffs have endured physical and mental pain and suffering in the past as a proximate result of the incident in question.

REQUEST NO. 12:
Admit or Deny that Plaintiffs will suffer physical and mental pain and suffering in the future as a proximate result of the incident in question.

REQUEST NO. 13:
Admit or Deny that Plaintiffs will require medical care in the future related to the injuries suffered in the incident in question.

REQUEST NO. 14 :
Admit or Deny that Defendant FRONTIER LEASING, INC. knows Defendant DANEIL CLINE has been sued.

EXHIBIT C

REQUEST NO. 15 :
Admit or Deny that Defendant FRONTIER LEASING, INC. does not care that Defendant DANIEL CLINE has been sued.

## XVIII.
## JURY DEMAND

26.     Plaintiffs hereby request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that this case be tried before the Court and a Jury, after which Plaintiffs should recover:

a.      judgment against Defendants, jointly and severally, for Plaintiffs' damages as set forth above in an amount within the jurisdictional limits of this Court of over $100,000.00 but not more than $200,000.00;

b.      pre-judgment interest at the maximum amount allowed by law;

c.      post-judgment interest at the maximum rate allowed by law;

d.      case costs and expenses of suit; and

e.      such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

EXHIBIT C

Respectfully submitted,

**LONCAR & ASSOCIATES**
424 South Cesar Chavez Blvd.
Dallas, Texas 75201
bhendrix@brianloncar.com
pcox@brianloncar.com
214-747-0422 Telephone
214-382-5841 Facsimile

*/s/ Garnett E. Hendrix, Jr.*
Garnett E. "Brit" Hendrix, Jr.
State Bar No. 09459700

ATTORNEY FOR PLAINTIFF

EXHIBIT C